IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shenzhen Dejiayun Network Technology Co., Ltd., <br><br> *Plaintiff*, <br><br> vs. <br><br> AAA Supplies Inc., BestDeals Inc., Black Duke Inc. BRC, CougarEye Deals LLC, Kahate, Look Away LLC, Maxim Technology Inc., Midnight Development Inc. Rinhoo Trade, and Unique's Shop, <br><br> *Defendants*; <br> -------------------------------------------------------- <br> ContextLogic Inc. *d/b/a* Wish, <br><br> *Movant/Proposed Intervenor* | Case No. 21-cv-4249 <br> Hon. Sharon J. Coleman <br> Mag. Hon. Young B. Kim |

**MOTION TO QUASH
OR IN THE ALTERNATIVE TO INTERVENE AND CONTEST PERMANENT
INJUNCTION, AND FOR ADDITIONAL TIME TO FILE SUPPORTING
MEMORANDUM**

Movant/proposed intervenor ContextLogic Inc. *d/b/a* Wish ("ContextLogic"), by and through its undersigned counsel, hereby moves (the "Motion") in the alternative to (1) quash any obligations that ContextLogic may have under the Final Judgment Order entered in this case on November 16, 2021 (Doc. 41); or (2) if the Court views the foregoing relief as only available to intervenors, then to intervene to modify the Final Judgment Order as it relates to obligations of non-parties under that order. Finally, ContextLogic seeks an additional, brief four day extension of time to provide the Court with its memorandum of points and authorities in support of this requested relief.

1. First, with respect to the requested extension, ContextLogic seeks until Friday, December 3, 2021 to provide the Court with a memorandum laying out the legal and factual bases

to quash and/or permit ContextLogic to intervene in this case. The time for a response has not expired as of the filing of this Motion, and good cause exists for enlargement because (1) the terms of a Final Judgment Order require a complete response within only five business days (Doc. 41 at ¶ 5), and (2) the document was served just prior to the Thanksgiving holiday on an attorney who was not previously familiar with this matter and was not authorized to accept service of the Final Judgment Order on ContextLogic's behalf. These factors preclude ContextLogic from providing the Court with a fully reasoned statement of its position and the unique posture of this case that merits this request to quash.

2.  Indeed, the bases for quashing, which will more fully be explained to the Court on or before December 3, 2021 in supplemental briefing, are:

   A.  ContextLogic has never been served with process in this case, and the Final Judgment Order served on a lawyer who had previously represented ContextLogic in other matters is not valid service.

   B.  ContextLogic is not a party to the pending dispute, nor did Plaintiff present any argument that ContextLogic played even the most remote role in the underlying alleged conduct prior to Entry of the Final Judgment Order.

   C.  Plaintiff is admittedly unaware of ContextLogic having dealt with any of the defendants identified in the Final Judgment Order or holding any accounts belonging to the defendants identified in the Final Judgment Order. *See* Lueck Declaration, attached as Exhibit 1, at ¶ 5 & Ex. A ("The judgment debtors were not selling through Wish, so far as we know.").

   D.  The record does not reflect service of the Final Judgment Order on defendants.

      E.    At least one defendant, AAA Supplies, Inc., has filed an answer and affirmative defenses (Doc. 36), which remains pending. That defendant challenges the validity of the trademark underlying the default judgments contained in the Final Judgment Order, requiring that the Court refrain from enforcing the Final Judgment Order at least until the issue of trademark validity has been resolved.

      F.    The Final Judgment Order authorizes service on ContextLogic to be made on "Mr. Dwight D. Lueck, Counsel for Wish.com, at dlueck@btlaw.com." (Doc. 41 at 5, ¶ 4(ii).) Mr. Lueck has not been authorized to accept service on behalf of ContextLogic and was unaware of the pending lawsuit until counsel for Plaintiff emailed a copy of the Final Judgment Order to him. (Lueck Dec. at ¶¶ 4 & 6).

      G.    ContextLogic is a Delaware corporation with its principal place of business in San Francisco, California. Its registered agents for service are identified by the Delaware and California secretaries of state. (Lueck Dec. at ¶ 7, and Exs. B and C).

      H.    The Final Judgment Order, as it relates to obligations imposed on non-parties such as ContextLogic, would appear to skirt requirements placed on a plaintiff under Fed. R. Civ. P. 69 and Illinois law concerning proceedings supplemental that would protect the due process rights of defendants and third parties.

3.    Given ContextLogic's posture in this matter and the foregoing facts, ContextLogic respectfully asks the Court to enter an order quashing any obligations that ContextLogic may have under the Final Judgment Order, as drafted, or in the alternative permit it to intervene. In addition, and in light of the short time provided under the Final Judgment Order for response by non-parties such as ContextLogic, and in light of the intervening Thanksgiving holiday, ContextLogic

respectfully requests a four day extension of time, to Friday, December 3, 2021, to provide a memorandum further supporting this Motion.

  WHEREFORE, ContextLogic Inc. *d/b/a* Wish respectfully prays for an order (1) granting an enlargement of time to file a brief in support of this Motion, to and including December 3, 2021; (2) quashing any obligations that ContextLogic may have under the Final Judgment Order; or (3) in the alternative, granting ContextLogic leave to intervene to modify the Final Judgment Order as it pertains to ContextLogic.

Dated: November 29, 2021        Respectfully submitted,

               /s/ Gregory Scott Gistenson
              Gregory S. Gistenson (gregory.gistenson@btlaw.com)
              No. 6299856
              Barnes & Thornburg, LLP
              One North Wacker Drive, Suite 4400
              Chicago, Illinois 60606-2833
              312-357-1313
              312-759-5646 (Fax)

              *Counsel for ContextLogic Inc.*

Of counsel:

Dwight D. Lueck (dwight.lueck@btlaw.com)
Barnes & Thornburg LLP
11 S. Meridian St.
Indianapolis, IN 46204
T: (317) 231-7713

DMS 21428837v2